IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Christian Employers Alliance,<br><br>        Plaintiff,<br><br>vs.<br><br>United States Equal Opportunity Commission,<br><br>Charlotte A. Burrows, *in her official capacity as Chair of the United States Equal Employment Opportunity Commission*, United States Department of Health and Hunan Services,<br><br>Xavier Becerra, *in his official capacity as Secretary of the United States Department of Health and Human Services*,<br><br>Office for Civil Rights of the United States Department of Health and Human Services, and<br><br>Lisa J. Pino*, in her official capacity as Director of the Office for Civil Rights of the United States Department of Health and Human Services*,<br><br>        Defendants. | Case No. 1:21-cv-195 |

**ORDER GRANTING MOTION TO AMEND/CORRECT**

[¶1] THIS MATTER comes before the Court upon a Motion to Amend/ Correct Injunction filed by the Defendants on June 6, 2022. Doc. No. 43. To date, no Response or Reply has been filed. For the reasons set forth below, the Court **GRANTS** the Motion to Amend/Correct.

**BACKGROUND**

[¶2] Previously this Court granted a motion for preliminary injunction brought by the Plaintiff, Christian Employers Alliance ("the Alliance"). Doc. No. 39. The Court enjoined the Department of Health and Human Services ("HHS") and the Equal Employment Opportunity Commission ("EEOC") as follows:

> (1) The EEOC is enjoined from interpreting or enforcing Title VII of the Civil Rights Act against the Alliance in a manner that would require its present or future members to provide insurance coverage for gender transition services.
>
> (2) The EEOC is enjoined from applying or enforcing these same regulations against the insurers and third-party administrators of the Alliance's present and future members.
>
> (3) HHS is enjoined from interpreting or enforcing Section 1557 of the ACA and any regulations against the Alliance's present or future members in a manner that would require them to provide, offer, perform, facilitate, or refer for gender transition services.
>
> (4) HHS is enjoined from interpreting or enforcing Section 1557 of the ACA and implementing regulations against the Alliance's present or future members in a manner that prevents, restricts or compels the Alliance's members' speech on gender identity issues.

Id.

[¶3] The Defendants bring this Motion to Amend/Correct the Preliminary Injunction. The Alliance does not object. Doc. Nos. 42, 43. Specifically, the Defendants ask this Court under Fed.R.Civ.P. 59(e) or 60(b) to alter or amend the Injunction order. Under Rule 59(e), a party may file "[a] motion to alter or amend a judgment." "District courts have broad discretion in determining whether to alter or amend judgment under Rule 59(e)." Continental Indem. Co. v. IPFS of N.Y., LLC, 7 F.3d 713, 717 (8th Cir. 2021) (internal citations omitted). Under Rule 60(b), the Court may "relieve a party . . . from a[n] . . . order . . . for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) is to be given a liberal construction so as to do substantial justice." MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755 (8th Cir. 1996).

[¶4]     The Defendants argue Fed.R.Civ.P. 65(d) requires that "[e]very order granting an injunction" must "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Defendants request modification because the Alliance has not disclosed the identities of its members and does not wish to do so. Therefore, the Defendants are "unable to ascertain what conduct the Court's injunction proscribes." Doc. No. 43. Defendants first request modification that

> if either agency takes any of the prohibited actions against an Alliance member or entity with a relevant relationship to an Alliance member, the entity may notify the directly responsible agency official of the fact of its membership in the Alliance or relationship to an Alliance member. And once the official receives such notice from the Alliance member and verification from the Alliance, the agency shall promptly comply with the Injunction Order.

Id.

[¶5]     Second, due to Title VII's statutory structure, the EEOC requests amendment to

> permit it to take certain administrative steps necessary to process individuals' claims of discrimination; to inform entities—including the Alliance members and entities that have relationships with them—that a claim of discrimination has been made against them; and to issue "right-to-sue" notices to protect the rights of claimants to bring suit on their own under Title VII if they so choose.

Id.

[¶6]     Defendants note under Title VII, an individual who seeks redress for employment discrimination may not independently file suit, but must start by filing an administrative charge with the EEOC. 42 U.S.C. §2000e-5; 29 C.F.R. §1601.7. These must be within either 180 or 30 days to maintain a claim. 42 U.S.C. §2000e-5(e)(1). After, the EEOC "shall serve a notice of the charge" upon the respondent "within ten days." 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.14(a). Then, the EEOC "shall" investigate and determine if there is reasonable cause and "shall" dismiss the case or attempt to resolve it. 29 C.F.R. §1601.15.  If the EEOC dismisses a charge, the party may file suit within 90 days of a receipt of the Dismissal and Notice of Rights, which is also called a "right-to-sue" notice. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R §§ 1601.18(b),1601.19(a). If the

EEOC has not filed suit or entered into conciliation within 180 days of the charge, the charging party may request a right-to-sue. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(a)(1).

[¶7]    As such, the EEOC requests an amendment that would "clarify that the Injunction Order does not prohibit the EEOC from accepting a charge on behalf of an individual alleging discrimination, from serving notice of the charge upon an Alliance member, and from issuing a right-to-sue notice to individuals who allege discrimination." Doc. No. 43. The EEOC argues that if the Injunction prohibits this conduct, it would interfere with individual claimants' ability to meet the preconditions of Title VII. Defendants note this modification is substantively identical to a modification made by Chief Judge Peter Welte and request identical language that refers to the Alliance rather than the plaintiff of that case. See Religious Sisters of Mercy v. Azar, 513 F. Supp. 3d 1113, 1133 (D.N.D. 2021); Religious Sisters of Mercy v. Cochran, 2021 WL 1574628, at *2.

[¶8]    The Court finds these arguments to be reasonable. Furthermore, the Alliance does not resist this motion. According, the Court will clarify the order for the preliminary injunction.

## CONCLUSION

[¶9]    For the reasons explained above, the Motion to Amend/Correct the Preliminary Injunction is **GRANTED**. The Preliminary Injunction remains, with the following clarifying language.

[¶10]    For purposes of the Preliminary Injunction, the Court further **ORDERS**:

(1) Neither HHS nor the EEOC violates this order by taking any of the above-described actions against any Alliance member, anyone acting in concert or participation with an Alliance member, or an Alliance member's health plans and any insurers or third-party administrators in connection with such health plans if the agency officials directly responsible for taking these actions are unaware of that entity's status as an Alliance member or relevant relationship to an Alliance member.

(2) However, if either agency, unaware of an entity's status as an Alliance member or relevant relationship to an Alliance member, takes any of the above-described actions, the Alliance member and the Alliance may promptly notify a directly responsible agency official of the fact of the

member's membership in the Alliance or the entity's relevant relationship to an Alliance member and its protection under this order. Once such an official receives such notice from the Alliance member and verification of the same by the Alliance, the agency shall promptly comply with this order with respect to such member or related entity.

(3) Nothing in this order shall prevent the EEOC from:

> (1) taking any action in connection with the acceptance of a charge for filing regardless of the source, including receiving an online inquiry via the agency's Public Portal or requesting or receiving a questionnaire or other correspondence from the charging party, when the charge concerns an allegation against an Alliance member concerning the exclusion of gender-transition procedures from its insurance coverage;
> (2) accepting a charge alleging that an Alliance member does not provide insurance coverage for gender-transition procedures, and from entering the charge into the EEOC's computer systems;
> (3) serving a notice of the charge upon an Alliance member within ten days as required by 42 U.S.C. § 2000e-5(b); or
> (4) issuing a right-to-sue notice to a charging party who has filed a charge against an Alliance member concerning the exclusion of gender-transition procedures from its insurance plan in accordance with the requirements and procedures set forth in 42 U.S.C. § 2000e-5(b) & (f)(1) and 29 C.F.R. § 1601.28(a)(1) & (2).

[¶11]   **IT IS SO ORDERED.**

DATED July 28, 2022.

Daniel M. Traynor, District Judge
United States District Court