IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

_____   )
                                        )
Christian Employers Alliance,           )
                                        )
        *Plaintiff*,                         )
                                        )
        v.                                 )    Case No. 1:21-cv-195-DMT-CRH
                                        )
United States Equal Employment          )
Opportunity Commission, *et al.*,       )
                                        )
        *Defendants*.                       )
_____   )

**MEMORANDUM IN SUPPORT OF MOTION TO STAY DISTRICT COURT PROCEEDINGS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR A SCHEDULING ORDER**

    Defendants submit this memorandum in support of Defendants' Motion to Stay District Court Proceedings and in opposition to Plaintiff's Motion for a Scheduling Order, ECF No. 48. Defendants respectfully request that the Court stay further proceedings in this case pending the Eighth Circuit's issuance of the mandate in a related appeal that all parties agree will have a substantial impact on this case, *Religious Sisters of Mercy v. Azar*, No. 21-1890 (8th Cir.).[1] Although the Eighth Circuit panel in *Religious Sisters* affirmed the district court's judgment in part, *see* ECF No. 48-2 ("*Religious Sisters* Panel Op."), Defendants are currently considering whether to seek further review, such as a petition for panel rehearing, rehearing en banc, or both. A stay pending issuance of the mandate in *Religious Sisters*, which will occur after either the parties decline to seek rehearing or the Eighth Circuit resolves any rehearing petition, will promote

---

[1] The stay sought by Defendants would leave the Court's Preliminary Injunction in place and would not apply to any proceedings to enforce the Preliminary Injunction, if necessary.

judicial economy and preserve the resources of the Court and the parties because it will ensure that the Court can resolve the merits of Plaintiff's claims with the benefit of the final word of the Eighth Circuit in *Religious Sisters*. The Court should accordingly deny Plaintiff's request to set a schedule for dispositive motion briefing at this time. The Court should also deny Plaintiff's alternative request to convert the Court's Preliminary Injunction into a final judgment and permanent injunction in Plaintiff's favor. A preliminary injunction cannot simply be converted into a permanent injunction over Defendants' objection because a preliminary injunction is decided under a different standard (e.g., likelihood of success on the merits) than a permanent injunction (e.g., actual success on the merits).

## BACKGROUND

On October 18, 2021, Plaintiff filed its Complaint in this action, challenging the lawfulness of various actions and legal interpretations of the U.S. Equal Employment Opportunity Commission ("EEOC") and the U.S. Department of Health and Human Services ("HHS"). ECF No. 1. On October 21, 2021, Plaintiff filed its Motion for Preliminary Injunction, ECF No. 6, which the Court granted on May 16, 2022, ECF No. 39. On June 6, 2022, Defendants filed a Motion to Amend Injunction Order Pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. ECF No. 43. On July 28, 2022, the Court granted that motion and issued an order amending its Preliminary Injunction. ECF No. 44. On September 23, 2022, Defendants filed a Notice of Interlocutory Appeal of the Court's Preliminary Injunction orders to the Eighth Circuit. ECF No. 46. That appeal is pending, and briefing has not yet begun.

The *Religious Sisters* case involves claims similar to those brought by Plaintiff here. In that case, Judge Welte of this Court granted summary judgment and a permanent injunction in favor of certain religious organizations against HHS and EEOC. *See Religious Sisters* Panel Op.

16-21. On December 9, 2022, an Eighth Circuit panel issued an opinion affirming the district court's decision in large part, although the panel rejected the district court's conclusion that one plaintiff had associational standing to sue on behalf of its members. *See id.* 26-28, 40. Defendants are currently considering whether to seek further review in *Religious Sisters*. A petition for panel rehearing or rehearing en banc (or both) would be due January 23, 2023. *See* Fed. R. App. P. 35(c), 40(a)(1). Absent an order of the Eighth Circuit, the Eighth Circuit's "mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. P. 41(b).

## ARGUMENT

**I. The Court Should Stay Proceedings Pending Issuance of the Mandate in *Religious Sisters***

"A district court has broad discretion to stay proceedings when appropriate to control its docket, conserve judicial resources, and ensure the matter is handled with economy of time and effort for itself, counsel, and litigants." *Johnson v. N. Dakota Guar. & Title Co.*, No. 1:17-cv-120, 2018 WL 6706672, at *2 (D.N.D. Dec. 20, 2018) (quoting *Ass'n of Equip. Mfrs. v. Burgum*, No. 1:17-cv-151, 2018 WL 1773145, at *1 (D.N.D. March 5, 2018)). "Factors for the court's consideration include but are not limited to the conservation of judicial resources, whether the stay would unduly prejudice or give a clear tactical advantage to one party, and whether a stay will simplify the issues in question and the trial of the case." *Id.* A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).

Applying these principles, district courts routinely stay proceedings when an appeal is likely to shed substantial light on legal issues in a case. *See, e.g.*, *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("a court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action"); *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610, 611-12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute"); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings to await Tenth Circuit's resolution of a legal issue that "would significantly advance the course of th[e] litigation" and best serve "the time and effort of the parties and the court"); *Bray v. QFA Royalties, LLC*, No. 06-cv-02528, 2007 WL 2688858, at *1 (D. Colo. Sept. 12, 2007) (staying proceedings pending appeal of preliminary injunction because "the Tenth Circuit's determination of the legal issues inherent in [the] preliminary injunction decision will edify further proceedings on those same . . . claims for permanent injunctive relief").

The parties acknowledge that the *Religious Sisters* appeal will have a substantial impact on this case. Plaintiff, for example, argues that the *Religious Sisters* panel opinion "resolve[s] this case" in Plaintiff's favor. ECF No. 48-1, at 5. However, because the Eighth Circuit has not issued the mandate, and Defendants are considering whether to seek further review in *Religious Sisters*, the parties and the Court cannot be certain whether the panel opinion will stand. Accordingly, a stay pending the issuance of the mandate in *Religious Sisters* would ensure that when the parties brief and the Court resolves dispositive motions in this case, they will do so with the benefit of the Eighth Circuit's final word in *Religious Sisters*, thus "simplify[ing] the issues in question." *Johnson*, 2018 WL 6706672, at *2.

A stay would not "unduly prejudice or give a clear tactical advantage to one party." *Id.* Neither party would obtain a tactical advantage, because this Court could continue to resolve Plaintiff's claims following the expiration of any stay. Nor would a stay prejudice Plaintiff because the Preliminary Injunction would remain in place, and Plaintiff may seek relief during the stay should any compliance issues arise. *See*, *e.g.*, *Washington v. Trump*, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017) (finding that any prejudice to plaintiffs from stay would be "minimal" in light of the preliminary injunctive relief already in effect); *Hawaii v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017) (same); *Boardman v. Pac. Seafood Grp.*, 2015 WL 13744253, at *2 (D. Or. Aug. 6, 2015) (granting stay of proceedings while defendants pursued appeal of preliminary injunction, and finding stay would not harm plaintiffs because of the injunction in place).

II. **The Court Should Deny Plaintiff's Motion to Set a Briefing Schedule or Convert the Preliminary Injunction to Final Judgment**

Plaintiff's motion seeks two alternative forms of relief: that the Court "convert the Court's Order Granting Motion for Preliminary Injunction into an order granting a permanent injunction and partial final judgment," or that the Court set a schedule for dispositive motion briefing. ECF No. 48-1, at 6. The Court should not grant either form of relief.

*First*, the Court should not convert the Preliminary Injunction into a permanent injunction and partial final judgment. Plaintiff cites no authority that would allow a Court to convert a preliminary injunction into a permanent injunction, over a defendant's objection, where a plaintiff has not moved for summary judgment. Preliminary injunction decisions are not "tantamount to decisions on the underlying merits" because a preliminary injunction requires only "likelihood of success" on the merits while a permanent injunction requires "success," and there are "significant procedural differences between preliminary and permanent injunctions." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981); *see also Oglala Sioux Tribe v. C & W Enterprises, Inc.*,

5

542 F.3d 224, 229 (8th Cir. 2008) (noting the "key difference" between "[t]he standard for issuing a preliminary or permanent injunction," that "[a] permanent injunction requires the moving party to show actual success on the merits, rather than the fair chance of prevailing on the merits required for a standard preliminary injunction").

The procedural mechanism to obtain judgment before trial is to file a motion for summary judgment under Federal Rule of Civil Procedure 56. But Plaintiff's motion is not and does not purport to be a motion for summary judgment. Indeed, Plaintiff proposes to file its motion for summary judgment in March. *See* ECF No. 48-1, at 5.[2] Absent a motion for summary judgment (and an opportunity for Defendants to oppose such motion), there is no basis for the Court to issue judgment in Plaintiff's favor on any of Plaintiff's claims.

*Second*, for the reasons explained above, *see supra*, Part I, the Court should not set a schedule for dispositive motion briefing at this time, but should instead stay the case. If the Court does enter a dispositive motion briefing schedule at this time, the Court should not follow the order suggested by Plaintiff, in which Defendants would file the first brief. Because Plaintiff intends to file a dispositive motion seeking affirmative relief, any briefing schedule for dispositive motions should provide that Plaintiff must first file its motion for summary judgment, after which Defendants may file an opposition (and possibly a cross-motion for summary judgment). Plaintiff then would file an opposition to Defendants' motion for summary judgment and reply in support of Plaintiff's motion for summary judgment, and Defendants would then file a reply in support of their motion for summary judgment, if any.

---

[2] That Plaintiff's motion is not a motion for summary judgment is further shown by the fact that Plaintiff does not attempt to comply with the detailed requirements in the Local Rules for a memorandum in support of a motion for summary judgment. *See* D.N.D. Civ. L. R. 7.1(A)(2).

6

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay further proceedings pending issuance of the mandate in *Religious Sisters*, except as to any issue that may arise from any alleged noncompliance with the Preliminary Injunction. Defendants further request that the Court deny Plaintiff's motion to enter a scheduling order for dispositive motion briefing or convert the Court's Preliminary Injunction into a permanent injunction and partial final judgment.

Dated: December 30, 2022

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Jeremy S.B. Newman*
Jeremy S.B. Newman
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov
*Counsel for Defendants*