IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Christian Employers Alliance, | ) |
| *Plaintiff,* | ) |
| v. | ) Case No. 1:21-cv-195-MDT-CRH |
| United States Equal Employment Opportunity Commission, *et al.*. | ) |
| *Defendants*. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
TO STAY AND REPLY TO PLAINTIFF'S MOTION
FOR A SCHEDULING ORDER AND TO PLAINTIFF'S MOTION
TO CONVERT THE ORDER GRANTING PRELIMINARY INJUNCTION
INTO A PARTIAL FINAL JUDGMENT**

Plaintiff Christian Employers Alliance (CEA) respectfully opposes the government's motion to stay (ECF No. 50), supports CEA's own motion for a scheduling order (ECF No. 48), and replies regarding CEA's alternative motion to convert the order granting preliminary injunction into partial final judgment (ECF No. 49).

The government's appeal in this case is interlocutory. "An appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Janousek v. Doyle*, 313 F.2d 916, 921 (8th Cir. 1963) (allowing motion to dismiss to proceed after appeal from preliminary injunction ruling) (quoting *Phelan v. Taitano*, 233 F.2d 117 (9th Cir. 1956)).

There is no need for a stay. This Court has already and appropriately waited for the Eighth Circuit to rule in *Religious Sisters* without staying these proceedings. The circuit has now ruled, and has done so in a way that requires judgment in CEA's favor, as outlined in CEA's motion for a scheduling order. The government has generally agreed about the impact of *Religious Sisters* on this case. *See, e.g.,* Motion to Place Appeal in Abeyance, *Christian Employers Alliance v. EEOC*, No. 22-3018 (8th Cir. Oct. 7, 2022) (asserting that the 8th Circuit's decision "in *Religious Sisters* is very likely to control the outcome" of the appeal in this case); ECF No. 51 (*Religious Sisters* "will have a substantial impact on this case").

The appropriate next step is straightforward: schedule an answer to the complaint and subsequent dispositive motion briefing. The government has not filed an answer or otherwise responded to the complaint. For this reason, CEA suggests that the Court first set a deadline for the government to answer or respond to the complaint. By the time the government answers or moves to dismiss, the mandate in *Religious Sisters* may have issued. Regardless, the Court need not delay the answer deadline any longer, and the interlocutory appeal does not require a delay.

CEA does not agree with the government's suggestion that CEA file a motion for summary judgment before the government has even answered or responded to the complaint. CEA will be able to file a motion for summary judgment when it has received the government's official response on CEA's allegations and claims. Consistent with CEA's proposed schedule (ECF No. 48-1 at 5), CEA requests that if the government files an answer, CEA be given 30 days to move for summary

judgment, and if the government files a motion to dismiss, CEA be given 30 days to respond and file its own summary judgment motion.

The government nevertheless asks the Court to stay these proceedings pending the circuit's issuance of the mandate in *Religious Sisters* and the government's possible appeal of that ruling. A stay is unnecessary and unlikely to be helpful. As noted above, there is no need to delay the government's response to the complaint. Moreover, if the government requests rehearing in *Religious Sisters*, the circuit is likely to deny it. En banc rehearings are disfavored, see Fed. R. App. P. 35(a), and the panel decision was unanimous. The only other circuit to rule on the Section 1557 gender identity mandate also affirmed a permanent injunction against it. *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368 (5th Cir. 2022). The government did not appeal that decision, *see id.*, No. 21-11174 (5th Cir. Oct. 18, 2022) (mandate issued), nor did it appeal a district court ruling in Texas that permanently vacated EEOC's 2021 guidance on its gender identity mandate. *Texas v. EEOC*, No. 2:21-CV-194-Z, 2022 WL 4835346 at *17 (N.D. Tex. Oct. 1, 2022).

Consequently, the odds of a successful government appeal of *Religious Sisters* seem to be low, and this Court would save time by getting the government's answer or response on file and then proceeding to dispositive briefing thereafter. Even if the Court were inclined to wait until the mandate issues, a stay in this case would not be needed. But CEA respectfully suggests that the Court not delay the answer deadline any longer, and that it set the dispositive motion briefing to follow.

The government claims there is no prejudice to CEA if a stay is granted, but that is incorrect. Certainly, CEA and its members are protected under the preliminary injunction—for now. But that injunction by its terms is temporary and only lasts the duration of this case, a timeline that is itself uncertain. CEA's members are functioning non-profits and businesses, and they need the certainty and stability of a permanent injunction to be able to plan their employee health insurance plans and delivery of health care into the future. With only preliminary relief, CEA's members are left to speculate about whether and when the government's illegal mandates will force them to choose between their faith and the way they operate their organizations. Even if the government is not prejudiced by prolonged litigation delay, private parties are.

In CEA's complaint and its affidavits, CEA provided evidence of the harms its members would suffer without an injunction. *See, e.g.* Complaint, ECF No. 1 ¶¶ 84–93, 123–29, 130–39, 142–49 (explaining the government's mandates force CEA members to choose between complying with their religious beliefs or facing expensive and time-consuming investigations, civil lawsuits, fines, and other enforcement mechanisms); Royce Decl., ECF No. 6-2, ¶¶ 27–52 (same); Royce Suppl. Decl., ECF No. 31-1, ¶¶ 10–11 (naming two CEA members who intend to exclude gender transition services coverage from their health plans but face liability for doing so); *id.* ¶¶ 14–15 (naming one CEA member that faces possible liability and disqualification from federal funds for categorically refusing to provide gender transition services and speech). That evidence supported preliminary relief and

4

supports permanent relief all the more, precisely because it is permanent and therefore has both certainty and longevity.

In other words, the harms CEA has identified have been assuaged, but only temporarily. The government's mandates remain a "sword of Damocles" waiting to reactivate if the government has its way—unless this Court issues a permanent injunction to eliminate that threat. *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 867 (8th Cir. 2013). By vigorously opposing CEA's alternative motion to convert its preliminary injunction into partial final judgment, the government has now exacerbated this uncertainty for CEA's members by indicating it will fight against permanent relief and wishes to further delay the final resolution of this case.

Therefore, CEA requests that the Court deny the government's motion to stay (ECF No. 50), grant CEA's motion for scheduling order (ECF No. 48), set a deadline for the government to answer or respond to the complaint, and set subsequent deadlines for dispositive motion briefing as described above and in CEA's motion.[1]

Dated: January 3, 2023.   Respectfully submitted,

*/s/ Matthew S. Bowman*
Matthew S. Bowman
DC Bar No. 993261
ALLIANCE DEFENDING FREEDOM
440 First Street, NW, Ste. 600
Washington, DC 20001
Tel: (202) 393-8690
Fax: (202) 347-3622

---

[1] CEA does not object to the Court denying (without prejudice) its alternative motion to convert the order granting preliminary injunction into partial final judgment (ECF No. 49), since the government asks to be able to brief summary judgment, and if the Court is so inclined.

mbowman@ADFlegal.org

Jacob E. Reed
OH Bar No. 99020
Julie Marie Blake
VA Bar No. 97891
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
Tel: (571) 707-4655
Fax: (571) 707-4656
jreed@ADFlegal.org
jblake@ADFlegal.org

*Counsel for Plaintiff Christian Employers Alliance*