IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

|  |  |
|---|---|
| Christian Employers Alliance, ) | |
| *Plaintiff*, ) | |
| v. ) | Case No. 1:21-cv-195-DMT-CRH |
| United States Equal Employment Opportunity Commission, *et al.*, ) | |
| *Defendants*. ) | |

### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants hereby submit this Notice of Supplemental Authority relating to Defendants' pending Motion to Stay District Court Proceedings, ECF No. 50 ("Stay Motion"). Defendants asked this Court to stay proceedings pending issuance of the mandate by the Eighth Circuit in *Religious Sisters of Mercy v. Azar*, No. 21-1890 (8th Cir.) ("*Religious Sisters*"), explaining that Defendants were considering filing a petition for rehearing en banc in *Religious Sisters*, ECF No. 51, at 1.

On January 23, 2023, two rehearing petitions were filed in the Eighth Circuit in *Religious Sisters*. First, Defendants (who are also defendants-appellants in *Religious Sisters*) petitioned for rehearing en banc. *See* Defendants-Appellants' Petition for Rehearing *En Banc*, *Religious Sisters*, No. 21-1890 (8th Cir. filed Jan. 23, 2023) (attached as Ex. 1). Defendants argued that the panel erred in holding that the *Religious Sisters* plaintiffs had standing, raised ripe claims, and demonstrated irreparable harm to obtain a pre-enforcement injunction against hypothetical future actions of HHS and EEOC. *Id.* at 7-13. Defendants also argued that the panel's opinion conflicted

with the Eighth Circuit's decision in *School of the Ozarks*, *Inc. v. Biden*, 41 F.4th 992, 1001 (8th Cir. 2022), *reh'g en banc denied*, 2022 WL 4589688 (8th Cir. Sept. 30, 2022).  Ex. 1 at 13-16.

Second, the Catholic Benefits Association ("CBA"), a plaintiff-appellee in *Religious Sisters*, petitioned for panel rehearing or rehearing en banc.  *See* The Catholic Benefits Association's Petition for Rehearing or Rehearing En Banc, *Religious Sisters*, No. 21-1890 (8th Cir. filed Jan. 23, 2023) (attached as Ex. 2).  CBA asked the panel or en banc Eighth Circuit to reconsider the panel's holding that CBA lacked associational standing to represent its members.  *Id.* at 1.  CBA explained that "[t]he logic of the panel's decision" was "that an association must identify every member for which it seeks relief."  *Id.*

The fact that both sides in *Religious Sisters* have petitioned for rehearing underscores that it is not yet certain whether the panel's opinion represents the Eighth Circuit's final word in the case.  For the reasons stated in Defendants' prior briefs in support of their Stay Motion, it would promote judicial economy and conserve resources of the parties and the Court for the Court to stay proceedings pending the issuance of the mandate in *Religious Sisters*, to allow the rehearing process to play out.  ECF No. 51, at 3-5; ECF No. 56, at 1-3.

## CONCLUSION

The Court should grant Defendants' Motion to Stay and should stay further proceedings pending issuance of the mandate in *Religious Sisters*, except as to any issue that may arise from any alleged noncompliance with the Preliminary Injunction.

Dated: January 27, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Jeremy S.B. Newman*
Jeremy S.B. Newman
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov
*Counsel for Defendants*