## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| Christian Employers Alliance, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-195-MDT-CRH |
| | ) |
| United States Equal Employment | ) |
| Opportunity Commission, *et al.*. | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

## ANSWER TO FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants United States Equal Employment Opportunity Commission ("EEOC"); Charlotte A. Burrows, in her official capacity as Chair of the EEOC; United States Department of Health and Human Services ("HHS"); Xavier Becerra, in his official capacity as Secretary of HHS; Office for Civil Rights of the United States Department of Health and Human Services ("OCR"); and Melanie Fontes Rainer, in her official capacity as Director of OCR (collectively, "Defendants"), hereby answer the First Amended Verified Complaint for Declaratory and Injunctive Relief ("Amended Complaint") of Plaintiff Christian Employers Alliance ("Plaintiff" or "CEA") as follows[1]:

1.      This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants

---

[1] Defendants do not incorporate herein the headings and subheadings from the Amended Complaint, to which a response is not required.  To the extent any headings or subheadings could be construed to contain factual allegations, those allegations are denied.

deny the existence of such a "Mandate."  To the extent that this paragraph contains factual allegations regarding EEOC enforcement, Defendants deny those allegations.

2.      This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

3.      This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

4.      This paragraph states legal conclusions, to which no response is required.   To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

5.      This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

6.      This paragraph states legal conclusions, to which no response is required.

7.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

8.      This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."  Otherwise denied.

9.      To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about

the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

10.     Admitted that Judge Welte issued a decision on January 19, 2021, which is cited in this paragraph.  Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

11.     Admitted that the Eighth Circuit issued the decision cited in this paragraph. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.

12.     To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

13.     This paragraph characterizes the relief sought in the Amended Complaint, to which no response is required.  To the extent a response is required, denied that Plaintiff is entitled to the relief sought or any relief.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

14.     To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about

the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

15.     To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

16.     This paragraph states legal conclusions, to which no response is required.

17.     This paragraph states legal conclusions, to which no response is required.

18.     This paragraph states legal conclusions, to which no response is required.

19.     To the extent this paragraph alleges facts concerning the place of incorporation of or registered agent for Plaintiff, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

20.     To the extent this paragraph alleges facts concerning the place of incorporation of or registered agent for Plaintiff, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

21.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

22.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

23.     This paragraph characterizes the relief sought in the Amended Complaint, to which no response is required.  To the extent a response is required, denied that Plaintiff is entitled to the relief sought or any relief.

24.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

25.     Admitted.

26.     The first two sentences are admitted.  The third and fourth sentences contain characterization of the Amended Complaint, to which no response is required.

27.     Admitted that HHS is a federal cabinet agency within the executive branch of the United States government.  The paragraph otherwise states legal conclusions, to which no response is required.

28.     The first and third sentences are admitted.  The second and fourth sentences contain characterization of the Amended Complaint, to which no response is required.

29.     The first sentence is admitted.  The second sentence contains characterization of the Amended Complaint, to which no response is required.

30.     The first two sentences are admitted.  The third and fourth sentences contain characterization of the Amended Complaint, to which no response is required.

31.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

32.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

33.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

34.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

35.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

36.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

37.     Admitted that attached as Exhibit 2 to the Amended Complaint is a document entitled, "Articles of Incorporation of Christian Employer Alliance."  Defendants refer the Court to that document for a complete and accurate statement of its contents.  Admitted that Exhibit 2 describes the purposes of "Christian Employer Alliance" using language that is similar, though not identical to, the language in this paragraph.  Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

38.     Admitted that attached as Exhibit 1 to the Amended Complaint is a document entitled, "Fourth Amended and Restated Bylaws of Christian Employers Alliance."  Defendants refer the Court to that document for a complete and accurate statement of its contents.  Admitted that Exhibit 1 contains a section with the heading, "Statement of Faith," and another section with the heading, "Christian Ethical Convictions."  Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

39.     This allegation characterizes Exhibit 1 to the Amended Complaint.  Defendants refer the Court to that document for a complete and accurate statement of its contents.

Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

40.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

41.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

42.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

43.     This allegation characterizes Exhibit 1 to the Amended Complaint.  Defendants refer the Court to that document for a complete and accurate statement of its contents.  Admitted that Exhibit 1 contains language that is similar, although not identical, to the language quoted in this paragraph.  Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

44.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

45.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

46.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

47.     This allegation characterizes Exhibit 1 to the Amended Complaint.  Defendants refer the Court to that document for a complete and accurate statement of its contents.  Admitted that Exhibit 1 contains the language quoted in this paragraph.  Defendants otherwise lack

sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

48.     This allegation characterizes Exhibit 1 to the Amended Complaint.  Defendants refer the Court to that document for a complete and accurate statement of its contents.  Admitted that Exhibit 1 contains the language quoted in this paragraph.  Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

49.     This allegation characterizes Exhibit 1 to the Amended Complaint.  Defendants refer the Court to that document for a complete and accurate statement of its contents.  Admitted that Exhibit 1 contains language that is similar, although not identical, to the language quoted in this paragraph.  Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

50.     This allegation characterizes Exhibit 1 to the Amended Complaint.  Defendants refer the Court to that document for a complete and accurate statement of its contents.  Admitted that Exhibit 1 contains the language quoted in this paragraph.  Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

51.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

52.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

53.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

54.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

55.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

56.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

57.     To the extent this paragraph alleges facts concerning the employees of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  This paragraph otherwise states legal conclusions, to which no response is required.

58.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

59.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

60.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

61.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

62.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

63.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

64.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

65.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

66.    To the extent this paragraph alleges facts concerning the employees or health plans of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  The paragraph otherwise states legal conclusions, to which no response is required.

67.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

68.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

69.    This paragraph states legal conclusions, to which no response is required.

70.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

71.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

72.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

73.    To the extent this paragraph alleges facts concerning the beliefs or activities of the Children's Center Rehabilitation Hospital, Defendants lack sufficient knowledge or information

to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

74.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

75.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

76.     This paragraph characterizes Title VII of the Civil Rights Act ("Title VII"). Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

77.     This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

78.     This paragraph characterizes a Supreme Court decision.  Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

79.     This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

80.     This paragraph characterizes Title VII and the Pregnancy Discrimination Act. Defendants respectfully refer the Court to those statutes for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.

81.     Admitted.

82.     This paragraph states legal conclusions, to which no response is required.

83.     Admitted that EEOC issued the document cited in this paragraph and attached to the Amended Complaint as Exhibit 3.  Defendants refer the Court to that document for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

84.     This paragraph states legal conclusions, to which no response is required.

85.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

86.     This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

87.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

88.     This paragraph characterizes guidance issued by the EEOC that is unspecified, but apparently refers to the documents attached to the Amended Complaint as Exhibits 4 and 5. Admitted that EEOC issued those documents.  Defendants refer the Court to those documents for

a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.

89.     Admitted that EEOC issued the document cited in this paragraph and attached to the Amended Complaint as Exhibit 4.  Defendants refer the Court to that document for a complete and accurate statement of its contents, including its discussion of defenses for religious organizations.  Admitted that Exhibit 4 contains the language quoted in this paragraph, without the emphasis added in the paragraph.  Defendants further state that this document was vacated by a district court in *Texas v. EEOC*, 633 F. Supp. 3d 824 (N.D. Tex. 2022).  This paragraph otherwise states legal conclusions, to which no response is required.

90.     Admitted that EEOC issued the document cited in this paragraph and attached to the Amended Complaint as Exhibit 5.  Admitted that this document is available at the webpage cited in footnote 2.  Admitted that Exhibit 5 contains the language quoted in this paragraph, although Plaintiff adds emphasis and omit language with ellipses.  Defendants refer the Court to that document for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

91.     This paragraph characterizes the EEOC's guidance in Exhibits 4 and 5 and other unspecified statements.  Defendants refer the Court to Exhibits 4 and 5 for a complete and accurate statement of their contents.  Defendants deny the allegation that EEOC's interpretation is "unequivocal."  This paragraph otherwise states legal conclusions, to which no response is required.

92.     This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

93.     Admitted that EEOC issued the press release cited in this paragraph.  Defendants refer the Court to that press release, which concerns a case in which EEOC did not assert any claims concerning the scope of services covered by an employer's insurance plan but the employee intervened to assert such claims, for a complete and accurate statement of its contents. Admitted that this paragraph quotes parts of sentences that appear in the press release.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."  To the extent this paragraph alleges that the EEOC's complaint in the case discussed in the cited press release asserted any claims concerning the scope of the services covered by the employer's insurance plan, Defendants deny such an allegation.  This paragraph otherwise states legal conclusions, to which no response is required.

94.     This allegation describes a complaint filed by a private individual, not the Defendants, and cites an order entered in that case.  Defendants refer the Court to that complaint and order for a complete and accurate statement of their contents, including information showing that defendant in that case did not raise a religious defense to Title VII.

95.     This allegation characterizes a complaint filed by a private individual, not the Defendants.  Defendants refer the Court to that complaint for a complete and accurate statement of its contents.

96.     Admitted that EEOC filed the amicus brief cited in this paragraph.  Defendants refer the Court to that amicus brief for a complete and accurate statement of its contents. Admitted that this paragraph quotes part of a sentence from that amicus brief in the EEOC's summary of the claims brought by the private plaintiff.

97.     Denied.

14

98.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

99.     This paragraph makes allegations concerning potential "enforcement actions," but does not define "enforcement actions."  To the extent that the reference to "enforcement actions" means bringing a lawsuit against an employer, admitted that EEOC considers relevant facts and circumstances and applicable law in deciding whether to pursue enforcement actions.  Otherwise denied.

100.    This paragraph states legal conclusions, to which no response is required.

101.    This paragraph cites an HHS regulation.  Defendants refer the Court to that regulation for a complete and accurate statement of its contents, including that the quoted paragraph in the regulation's preamble contains no language requiring the EEOC to take specific action if a matter is referred by HHS.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."  This paragraph otherwise states legal conclusions, to which no response is required.

102.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

103.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

104.    This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  To the extent that this paragraph

alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."  This paragraph otherwise states legal conclusions, to which no response is required.

105.    This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

106.    This paragraph characterizes Title VII and quotes selected portions of the statute. Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

107.    This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

108.    This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

109.    This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

110.    This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

111.    This paragraph characterizes Title VII.  Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

112.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."  This paragraph otherwise states legal conclusions, to which no response is required.

113.    This paragraph characterizes Section 1557 of the Affordable Care Act ("Section 1557").  Defendants respectfully refer the Court to Section 1557 for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

114.    This paragraph characterizes an HHS regulation.  Defendants respectfully refer the Court to that regulation for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

115.    This paragraph characterizes Section 1557 and an HHS regulation.  Defendants respectfully refer the Court to that statute and regulation for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.

116.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

117.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

118.    This paragraph characterizes Section 1557.  Defendants respectfully refer the Court to Section 1557 for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

119.    This paragraph characterizes three federal statutes.  Defendants respectfully refer the Court to those statutes for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

120.    This paragraph characterizes Title IX of the Education Amendments of 1972 ("Title IX").  Defendants respectfully refer the Court to Title IX for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

121.    This paragraph characterizes Section 1557 and Title IX.  Defendants respectfully refer the Court to those statutes for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.

122.    This paragraph characterizes Section 1557.  Defendants respectfully refer the Court to Section 1557 for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

123.    Admitted that HHS and OCR issued the rule cited in this paragraph ("2016 Rule").  Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

124.    This paragraph characterizes the 2016 Rule.  Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

125.    This paragraph characterizes the 2016 Rule.  Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

126.    This paragraph characterizes the 2016 Rule.  Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

127.    This paragraph characterizes the 2016 Rule.  Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

128.    This paragraph characterizes the 2016 Rule.  Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

129.    This paragraph characterizes a district court decision.  Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

130.    This paragraph characterizes a district court judgment.  Defendants respectfully refer the Court to that judgment for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

131.    Admitted that HHS and OCR issued the rule cited in this paragraph ("2020 Rule").  Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

132.    This paragraph characterizes the 2020 Rule.  Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

133.    This paragraph characterizes two district court decisions.  Defendants respectfully refer the Court to those decisions for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.

134.    This paragraph characterizes a district court decision.  Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

135.    Admitted that on January 20, 2021, President Biden signed the Executive Order cited in this paragraph.  Defendants respectfully refer the Court to that Executive Order for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

136.    Admitted that in May 2021, HHS and OCR issued the Notification of Interpretation of Enforcement ("Notification") and press release cited in this paragraph. Defendants respectfully refer the Court to the Notification and press release for a complete and accurate statement of their contents.  Defendants further state that the Notification was set aside by a district court in *Neese v. Becerra*, No. 2:21-cv-00163-Z, ECF No. 71 (N.D. Tex. Nov. 22, 2022), *appeal pending*, No. 23-10078 (5th Cir.).  This paragraph otherwise states legal conclusions, to which no response is required.

137.    This paragraph characterizes the Notification.  Defendants respectfully refer the Court to the Notification for a complete and accurate statement of its contents.  Admitted that

this paragraph quotes parts of sentences from the Notification.  This paragraph otherwise states legal conclusions, to which no response is required.

138.    This paragraph characterizes the Notification.  Defendants respectfully refer the Court to the Notification for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

139.    This paragraph characterizes a district court decision.  Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

140.    This paragraph states legal conclusions, to which no response is required.

141.    Admitted that the Fifth Circuit and Eighth Circuit issued the decisions cited in this paragraph.  Defendants refer the Court to those decisions for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

142.    This paragraph contains a characterization of the Amended Complaint, to which no response is required.

143.    This paragraph characterizes Section 1557.  Defendants respectfully refer the Court to Section 1557 for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

144.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

145.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

146.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  Otherwise denied.

147.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

148.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

149.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about

the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

150.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."  Otherwise denied.

151.    This paragraph characterizes Section 1557.  Defendants respectfully refer the Court to Section 1557 for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

152.    This paragraph characterizes a federal statute.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

153.    This paragraph characterizes the False Claims Act and HHS regulations. Defendants respectfully refer the Court to the cited statute and regulations for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

154.    This paragraph characterizes several federal statutes.  Defendants respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent

that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

155.    This paragraph characterizes Section 1557 and another federal statute. Defendants respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

156.    Denied.

157.    This paragraph characterizes the Religious Freedom Restoration Act (RFRA). Defendants respectfully refer the Court to RFRA for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required. To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."  Otherwise denied.

158.    Denied.

159.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

160.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

161.     This paragraph characterizes decisions of the district court and Eighth Circuit in *Religious Sisters of Mercy*.  Defendants respectfully refer the Court to those decisions for a complete and accurate statement of their contents.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."  This paragraph otherwise states legal conclusions, to which no response is required.

162.     This paragraph characterizes decisions of the district court and Eighth Circuit in *Religious Sisters of Mercy*.  Defendants respectfully refer the Court to those decisions for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.

163.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

164.     This paragraph characterizes the Notification.  Defendants respectfully refer the Court to the Notification for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

165.     To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

166.     To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about

the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

167.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."  This paragraph otherwise states legal conclusions, to which no response is required.

168.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."  To the extent that a response is otherwise required, denied.

169.    Denied.

170.    This paragraph contains a characterization of the Amended Complaint, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

171.    This paragraph contains a characterization of the Amended Complaint, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

172.    Defendants incorporate their responses to paragraphs 1-171.

173.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

174.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

175.     To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

176.     To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

177.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

178.     This paragraph states legal conclusions, to which no response is required.

179.     To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph characterizes the district court's decision in *Religious Sisters of Mercy*.  Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

180.     This paragraph states legal conclusions, to which no response is required.

181.     To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  To the extent that this paragraph alleges the existence of an "EEOC

Coverage Mandate," Defendants deny the existence of such a "Mandate."  This paragraph otherwise states legal conclusions, to which no response is required.

182.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

183.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

184.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

185.    This paragraph states legal conclusions, to which no response is required.

186.    This paragraph states legal conclusions, to which no response is required.

187.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

188.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

189.    This paragraph states legal conclusions, to which no response is required.

190.    This paragraph contains a characterization of the relief sought in the Amended Complaint, to which no response is required.  To the extent a response is required, denied that Plaintiff is entitled to the relief sought or any relief.  To the extent that this paragraph alleges the

Case 1:21-cv-00195-DMT-CRH   Document 71   Filed 10/30/23   Page 29 of 41

existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

191.    Defendants incorporate their responses to paragraphs 1-171.

192.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

193.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

194.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

195.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

196.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

197.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

198.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

199.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

200.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

201.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

202.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

203.    This paragraph states legal conclusions, to which no response is required.

204.    This paragraph contains a characterization of the relief sought in the Amended Complaint, to which no response is required.  To the extent a response is required, denied that Plaintiff is entitled to the relief sought or any relief.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

205.    Defendants incorporate their responses to paragraphs 1-171.

206.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

207.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

208.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

209.   To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

210.   To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

211.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

212.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

213.   This paragraph states legal conclusions, to which no response is required.

214.   To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph characterizes the district court's decision in *Religious Sisters of Mercy*.  Defendants respectfully refer the Court to that decision for a complete and

accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

215.    This paragraph states legal conclusions, to which no response is required.

216.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

217.    This paragraph states legal conclusions, to which no response is required.

218.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

219.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

220.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

221.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

222.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

223.    This paragraph states legal conclusions, to which no response is required.

224.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

225.    Denied.

226.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

227.    This paragraph states legal conclusions, to which no response is required.

228.    This paragraph contains a characterization of the relief sought in the Amended Complaint, to which no response is required.  To the extent a response is required, denied that Plaintiff is entitled to the relief sought or any relief.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

229.    This paragraph contains a characterization of the relief sought in the Amended Complaint, to which no response is required.  To the extent a response is required, denied that Plaintiff is entitled to the relief sought or any relief.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

230.    Defendants incorporate their responses to paragraphs 1-171.

231.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

232.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

233.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

234.    This paragraph states legal conclusions, to which no response is required.

235.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

236.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

237.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

238.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

239.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

240.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

241.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

242.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

243.     This paragraph states legal conclusions, to which no response is required.

244.     This paragraph contains a characterization of the relief sought in the Amended Complaint, to which no response is required.  To the extent a response is required, denied that Plaintiff is entitled to the relief sought or any relief.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

245.     This paragraph contains a characterization of the relief sought in the Amended Complaint, to which no response is required.  To the extent a response is required, denied that

Plaintiff is entitled to the relief sought or any relief.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

246.    Defendants incorporate their responses to paragraphs 1-171.

247.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

248.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

249.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

250.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

251.    This paragraph states legal conclusions, to which no response is required.

252.    To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

253.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

254.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

255.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

256.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

257.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

258.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

259.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

260.     This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

261.     This paragraph states legal conclusions, to which no response is required.

262.     This paragraph contains a characterization of the relief sought in the Amended Complaint, to which no response is required.  To the extent a response is required, denied that Plaintiff is entitled to the relief sought or any relief.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

263.     This paragraph contains a characterization of the relief sought in the Amended Complaint, to which no response is required.  To the extent a response is required, denied that Plaintiff is entitled to the relief sought or any relief.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

264.     Defendants incorporate their responses to paragraphs 1-171.

265.     This paragraph states legal conclusions, to which no response is required.

266.     This paragraph states legal conclusions, to which no response is required.

267.     This paragraph states legal conclusions, to which no response is required.

268.     This paragraph contains a characterization of the Amended Complaint, to which no response is required.  This paragraph otherwise states legal conclusions, to which no response is required.

269.     This paragraph states legal conclusions, to which no response is required.

270.     This paragraph states legal conclusions, to which no response is required.

271.   This paragraph states legal conclusions, to which no response is required.

272.   This paragraph states legal conclusions, to which no response is required.

273.   This paragraph states legal conclusions, to which no response is required.

274.   This paragraph states legal conclusions, to which no response is required.

275.   This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

276.   This paragraph states legal conclusions, to which no response is required.

277.   This paragraph states legal conclusions, to which no response is required.

278.   This paragraph states legal conclusions, to which no response is required.

279.   This paragraph states legal conclusions, to which no response is required.

280.   This paragraph states legal conclusions, to which no response is required.

281.   This paragraph states legal conclusions, to which no response is required.

282.   This paragraph states legal conclusions, to which no response is required.

283.   To the extent this paragraph alleges facts concerning the beliefs or activities of Plaintiff's members, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

284.   This paragraph states legal conclusions, to which no response is required.

285.   Denied.

286.   This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

287.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

288.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "HHS Gender Identity Mandate," Defendants deny the existence of such a "Mandate."

289.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

290.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

291.    This paragraph states legal conclusions, to which no response is required.

292.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate," Defendants deny the existence of such a "Mandate."

293.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

294.    This paragraph states legal conclusions, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."

295.    This paragraph states legal conclusions, to which no response is required.

296.    This paragraph contains a characterization of the relief sought in the Amended Complaint, to which no response is required.  To the extent that this paragraph alleges the existence of an "EEOC Coverage Mandate" and an "HHS Gender Identity Mandate," Defendants deny the existence of such "Mandates."  To the extent a response is required, denied that Plaintiff is entitled to the relief sought or any relief.

The remaining paragraphs contain Plaintiff's Prayer for Relief, to which no response is required.  To the extent a response is required, denied that Plaintiff is entitled to the relief requested or any relief.

Defendants deny any and all allegations in the Amended Complaint not expressly admitted herein to which a response is deemed required.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred by res judicata.

Dated: October 30, 2023                          Respectfully submitted,


                                                 BRIAN M. BOYNTON
                                                 Principal Deputy Assistant Attorney General

                                                 MICHELLE R. BENNETT
                                                 Assistant Branch Director

                                                 */s/ Jeremy S.B. Newman*
                                                 Jeremy S.B. Newman
                                                 Trial Attorney
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L Street, NW
                                                 Washington, DC 20005
                                                 Tel: (202) 532-3114
                                                 Email: jeremy.s.newman@usdoj.gov

                                                 *Counsel for Defendants*