## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

| | | |
|---|---|---|
| _____ ) | | |
| Christian Employers Alliance, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-195-DMT-CRH |
| | ) | |
| United States Equal Employment | ) | |
| Opportunity Commission, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| _____ ) | | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS
## PENDING SECTION 1557 RULEMAKING

Defendants respectfully request that the Court stay proceedings in this matter pending the

finalization of rulemaking proceedings of Defendants United States Department of Health and

Human Services ("HHS") and HHS's Office for Civil Rights ("OCR") to implement Section 1557

of the Affordable Care Act.  As Defendants demonstrated in their Stay Motion and supporting

memorandum,[1] the relevant equitable factors weigh in favor of a stay.  First, a stay will "conserv[e]

. . . judicial resources," *Johnson v. N. Dakota Guar. & Title Co.*, No. 1:17-cv-120, 2018 WL

6706672, at *2 (D.N.D. Dec. 20, 2018), because the Court will not need to expend judicial

resources resolving claims relating to regulations that will likely soon be superseded, quite

possibly in the midst of this Court's consideration of Plaintiff's Motion for Partial Summary

---

[1] *See* Motion to Stay Proceedings Pending Section 1557 Rulemaking, ECF No. 72 ("Stay Motion" or "Stay Mot."); Memorandum in Support of Motion to Stay Proceedings Pending Section 1557 Rulemaking, ECF No. 72-1 ("Stay Memorandum" or "Stay Mem.").

Judgment.   Mem. 4-6.[2]   Second, a stay would not "unduly prejudice or give a clear tactical advantage" to any party, *Johnson*, 2018 WL 6706672, at *2, because Plaintiff and its members would remain protected by the preliminary injunction during a stay.   Mem. 6.   Third, a stay will "simplify the issues in question," *Johnson*, 2018 WL 6706672, at *2, because the Court will be able to evaluate Plaintiff's claims against HHS on the basis of a new governing regulation rather than, as Plaintiff claims, on an unknown and unspecified combination of regulations, guidance, and court orders together purportedly imposes an unlawful mandate.   Mem. 6-7.   Plaintiff's Opposition[3] does not dispute any of these points.

None of Plaintiff's arguments justify denying the Stay Motion.   First, Plaintiff argues that Defendants would not be harmed by filing a summary judgment brief.   Opp'n 1-3.   But Plaintiff cites no authority stating that a litigant must show harm to justify a stay when the equitable factors weigh in favor of a stay.   In any event, a stay would conserve not only the Court's resources, but also the resources of both Plaintiff and Defendants, by avoiding continued litigation over purported requirements that will likely soon be superseded.

Second, Plaintiff argues that the rulemaking process might take longer than expected.   Opp'n 4-5.   But the Court could address this concern by requiring Defendants to file regular status reports regarding the status of the rulemaking.   Even if a stay lasts until "Mid-2024," as Plaintiff

---

[2] Staying the entire case, including the claims against the U.S. Equal Employment Opportunity Commission, would further conserve judicial resources by avoiding the need for the Court to resolve different parts of the case on different timelines.   Mem. 6.
[3] Plaintiff's Response in Opposition to Defendants' Motions to Stay and Extend Time, ECF No. 75 ("Opposition" or "Opp'n").   Defendants already replied to the Opposition insofar as it opposed Defendants' motion to extend time to file a response to Plaintiff's Motion for Partial Summary Judgment.   ECF No. 76.   The Court granted in part and denied in part Defendants' extension motion.   ECF No. 77.

suggests is possible, Opp'n 4, Plaintiff does not identify any way in which it would be harmed by a stay of roughly half a year, while it remains protected by the preliminary injunction.

Third, Plaintiff argues that it would prevail on the merits even if HHS finalizes a Section 1557 rule that is similar to the proposed rule, setting forth a preview of the summary judgment brief it would file if the new rule is finalized as proposed.  Opp'n 5-9.  This argument is premature because the proposed rule is not final, and the final rule may differ from the proposed rule. Plaintiff's argument against the lawfulness of a proposed rule underscores that this case should be resolved on the basis of the forthcoming final rule, rather than on the basis of Plaintiff's challenges to either a proposed rule or an existing rule that will likely soon be superseded.  Plaintiff's argument also confirms that Plaintiff would not be harmed by a stay, because upon finalization of the new rule, Plaintiff would be free to seek summary judgment and argue that it should prevail against the new rule.

## CONCLUSION

For the foregoing reasons and for the reasons stated in the Stay Memorandum, Defendants respectfully request that the Court grant the Stay Motion and stay further proceedings pending the finalization of HHS's Section 1557 rulemaking, except as to any issue that may arise from any alleged noncompliance with the preliminary injunction.

Dated: November 14, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Jeremy S.B. Newman*
Jeremy S.B. Newman
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov

*Counsel for Defendants*