IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Christian Employers Alliance,<br><br>                                                    Plaintiff,<br><br>vs.<br><br>United States Equal Employment Opportunity Commission, et al.,<br><br>                                                    Defendants, | Case No. 1:21-cv-00195 |

### ORDER DENYING MOTION TO STAY PROCEEDINGS

[¶1]   THIS MATTER comes before the Court on a Motion to Stay Proceedings filed by the Defendants on October 31, 2023. Doc. No. 72. Plaintiff filed its Response in opposition on November 7, 2023. Doc. No. 75. Defendants filed its Reply on November 14, 2023. For the reasons stated below, the Motion is **DENIED.**

### BACKGROUND

[¶2]   Plaintiff filed a complaint in this case on October 18, 2021. Doc. No. 1. On October 21, 2021, Plaintiff filed a Motion for a Preliminary Injunction. Doc. No. 6. The Court granted the Preliminary Injunction on May 16, 2022, and subsequently amended it on July 28, 2022. Doc. Nos. 39, 44. The Plaintiff then filed an Amended Complaint on October 16, 2023. Doc. No. 68. Shortly thereafter, on October 26, 2023, Plaintiff filed a Motion for Partial Summary Judgment seeking relief under the Religious Freedom Restoration Act. Doc. No. 69. Defendants submitted its Answer to the Amended Complaint on October 30, 2023. Doc. No. 71.

[¶3]   On October 31, 2023, the Defendants filed three separate motions: 1) a Motion to Stay Proceedings, 2) a Motion for Extension of Time to File Response/Reply, and 3) Motion to

1

Expediate. Doc. Nos. 72, 73. The Court granted the Motion to Expediate Briefing on November 1, 2023. Doc. No. 74. The Plaintiff responded on November 7, 2023, opposing the motions, and the Defendants replied on November 8, 2023. Doc. Nos. 75, 76. The Court granted in part and denied in part the Motion for Extension of Time to File Response/Reply on November 9, 2023. Doc. No. 77.

## ANALYSIS

[¶4] It is well-established that a trial court has the inherent power to stay proceedings to control its docket, to conserve judicial resources, and to ensure that each matter is handled "with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The consideration to stay proceedings involves an "exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55. "Factors for the court's consideration include but are not limited to the conservation of judicial resources, whether the stay would unduly prejudice or give a clear tactical advantage to one party, and whether a stay will simplify the issues in question and the trial of the case." Johnson v. N. Dakota Guar. & Title Co., No. 1:17-CV-120, 2018 WL 6706672, at *2 (D.N.D. Dec. 20, 2018) (citing Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc., No. 15-CV-4378, 2016 WL 6892108, at *3 (D. Minn. July 29, 2016)). The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Landis, 299 U.S. at 255; see Jones v. Clinton, 72 F.3d 1354, 1364 (8th Cir. 1996).

[¶5] The Court fails to see how Defendants will experience hardship or inequity in being required to move forward with this proceeding. That is because the Defendants fail to address how it will experience hardship or inequity if the stay is not granted. See Doc. No. 72-1. In addition,

the Defendants request a stay for an indefinite period of time to await a decision that could be decided sometime this winter. Id. at pp. 1, 3 ("[The United States Department of Health and Human Services] *aspires* to issue a final rule no later than this forthcoming winter.") ("It is difficult for HHS to predict with accuracy the time period for finalizing the rule . . . .") (emphasis added). The Court is unconvinced that granting a stay of proceedings for some indefinite period of time pending a decision that *may* be issued *sometime* this winter will promote judicial efficiency. Barnes v. Zurn Pex, Inc., No. 1:07-CV-074, 2008 WL 111217, at *3 (D.N.D. Jan. 9, 2008) (finding a stay of litigation for an indefinite period of time pending the outcome of an alternate motion, which may or may not even be filed, will not promote judicial economy) (emphasis added).

[¶6] This case has been pending since October of 2021, and the Court believes speedy resolution of this case will promote judicial efficiency more than allowing the case to linger on a proposed rule change with no date certain. The Defendants potential resolution requiring regular status reports if it should take longer than expected for HHS to issue a decision will be a drain on judicial resources and do nothing to conserve them. Doc. No. 78, p. 2. Even if the Court does grant the stay, Defendants admit in its own brief the new rule may not impact this case. Doc. No. 72-1, p. 5 ([A]lthough the content of the new rule *will not be certain until it is finalized*, there is reason to believe that the new rule *may* have a significant impact on this case.") (emphasis added). The Court will not grant a stay on grounds that are almost entirely speculative.

[¶7] The remaining two factors cited by the Defendants under Johnson do not tip the Court in favor of granting a stay. 2018 WL 6706672, at *2. The Defendants are correct that while the preliminary injunction remains in place, the Plaintiff is unlikely to experience hardship. The Court will construe this factor in favor of the Defendants. As for the stay simplifying the issues, the Court is not persuaded the issues would be simplified. This is because, as the Defendants admit to in its

briefs, it is uncertain what the finalized rule would look like. The rule could just as easily complicate the issue now before the Court as it could simplify it. Therefore, this factor is neutral.

[¶8]    Considering all of the factors in totality, they weigh against granting a stay. Defendants have not provided any evidence it would experience hardship if the stay were not granted. Granting the stay would not promote judicial efficiency and would allow this case which has already been pending since 2021 to sit even longer. There is no definitive time when the proposed rule would be finalized, so any stay the Court grants would be for an indefinite period of time which does not promote judicial efficiency. Granting the stay but requiring regular status conferences would be a drain on judicial resources and do nothing to promote speedy resolution of the case. There is no evidence before the Court that convinces it the stay would simplify the issues in this case. The last and only factor in favor of the Defendants is the Plaintiff will not suffer hardship because the preliminary injunction would remain in effect. Therefore, the factors clearly weigh in favor of denying the Motion to Stay.

## CONCLUSION

[¶9]    Based on the foregoing, the Court **DENIES** the Motion to Stay Proceedings[1].

[¶10]   **IT IS SO ORDERED**.

DATED November 17, 2023.

Daniel M. Traynor, District Judge
United States District Court

---

[1] The Court notes in its previous Order it granted an extension for the Defendants to file its Response to Partial Summary Judgment to November 30, 2023. See Doc. No. 77. While this Order had not yet been issued at that time, the extension that was granted is more than sufficient for the Defendants to properly brief the Partial Summary Judgment issue.