**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Christian Employers Alliance, | |
| Plaintiff, | |
| vs. | Case No. 1:21-cv-195 |
| United States Equal Opportunity Commission, et al. | |
| Defendants. | |

---

**ORDER GRANTING MOTION TO AMEND SUMMARY JUDGMENT ORDER PURSUANT TO RULE 59(E) AND 60(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

[¶1]     THIS MATTER comes before the Court upon a Motion to Amend Summary Judgment Order Pursuant to Rule 59(E) and 60(B) of the Federal Rules of Civil Procedure filed by the Defendants on March 22, 2024. Doc. No. 86. The Defendants indicate the Christian Employers Alliance ("Plaintiff") does not oppose the Motion, and the Plaintiff has not filed a response. Id. The Defendants ask this Court to clarify the Defendants do not violate the permanent injunction by taking any action under either Section 1557 or Title VII as to any people or entities that Defendants are unaware are covered by the scope of the injunction, provided that defendants promptly comply with the injunction upon receiving proper notice that a person or entity is covered by the injunction. Id.

[¶2]     Having considered the Defendant's unopposed Motion and the entire record herein,[1] the

---

[1] This includes the Defendants Motion to Amend Injunction Order. Doc. No. 43. The only difference between this Motion and the Defendants prior Motion to Amend Injunction Order is the Defendants are seeking to amend the Permanent Injunction issued by this Court, not the Preliminary Injunction. See Doc. Nos. 44, 86. Having already considered the Defendants'

Court **GRANTS** the Defendants Motion to Amend Summary Judgment Order (Doc. No. 86).

[¶3]    **IT IS HEREBY ORDERED** that the Court's Summary Judgment Order (Doc. No. 82) is

modified on page 20 to include the following language:

> (1) HHS, Secretary Becerra, EEOC, Chair Burrows, and their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, do not violate this order or the Court's judgment by taking any of the above-described actions against any CEA member, anyone acting in concert or participation with a CEA member, or a CEA member's health plans and any insurers or third-party administrators in connection with such health plans if the agency officials directly responsible for taking these actions are unaware of that person or entity's status as a CEA member or relevant relationship to a CEA member.

> (2) However, if either agency, unaware of a person or entity's status as a CEA member or relevant relationship to a CEA member, takes any of the above-described actions, the CEA member and the CEA may promptly notify a directly responsible agency official of the fact of the member's membership in the CEA or the person or entity's relevant relationship to a CEA member and its protection under this order and the Court's judgment. Once such an official receives such notice from the CEA member and verification of the same by the CEA, the agency shall promptly comply with this order and the Court's Judgment with respect to such member or related person or entity.

[¶4]    **IT IS SO ORDERED.**

DATED April 9, 2024.

_____
Daniel M. Traynor, District Judge
United States District Court

---

arguments and finding them reasonable, the Court hereby incorporates the reasoning and analysis from its previous Order Granting Motion to Amend/Correct into this Order. See Doc. No. 44.